```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BOBBY ODELL WIGGS, | Civil Action No. 05-5744 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| ASBURY PARK MUNICIPAL CT., et al., |  |
| Defendants. |  |

**APPEARANCES**:

> BOBBY ODELL WIGGS, Plaintiff Pro Se
> Monmouth County Correctional Institution
> One Water Works Road
> Freehold, New Jersey  07728

**COOPER**, District Judge

Plaintiff, an inmate at Monmouth County Correctional Institution, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed in forma pauperis as a prisoner; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and forward same to the Clerk of the Court; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account

to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b).  The Court has reviewed the Complaint for sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and concludes that dismissal of the Complaint is required.

## I.    BACKGROUND

Plaintiff sues Asbury Park Municipal Court Judge Mark T. Apostolou, Asbury Park Probation Officers Tara Williams and Art Brown, and the Asbury Park Municipal Court for corruption from 1998 through 2005, resulting in his incarceration.  Plaintiff asserts that Brown and Williams falsified legal documents and stole the falsified documents in order to cover up the corruption and incarcerate him.  He claims that Judge Apostolou "misus[ed] judgments of his authority."  (Compl. ¶ 5.b.)

## II.   LEGAL STANDARD

The Court, before docketing or as soon as practicable after docketing, must review the complaint in an action wherein a plaintiff proceeds in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court must sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quotes and cite omitted); see Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.   DISCUSSION

A.   Federal Claims

Federal courts are courts of limited jurisdiction, and "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). A district court has jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see 28 U.S.C. § 1331.

42 U.S.C. § 1983 authorizes a person to seek redress for a violation of federal rights by a person who was acting under

color of state law.  To recover under 42 U.S.C. § 1983, a plaintiff must show:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

    Plaintiff asserts that, due to corruption, authority misuse, and falsification and theft of legal documents, Judge Apostolou and two Asbury Park probation officers caused his incarceration. But Plaintiff's claims are not cognizable.  A prisoner's request for equitable relief releasing him from custody is not cognizable under 42 U.S.C. § 1983.  See Preiser v. Rodriquez, 411 U.S. 475 (1973).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.[1]  To the extent that Plaintiff seeks release from incarceration, the claim is not cognizable under § 1983 and Plaintiff's exclusive remedy is a

---

[1] See also Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254, which requires the exhaustion of state court remedies); Brown v. Fauver, 819 F. 2d 395 (3d Cir. 1987) (inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under §1983).

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which requires exhaustion of state court remedies.

Plaintiff's claims for damages also are not cognizable under § 1983.  Plaintiff's damage claim against Judge Apostolou fails because Judge Apostolou is absolutely immune from suit under 42 U.S.C. § 1983 for money damages.  "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).  As the alleged wrongdoing by Judge Apostolou consists of judicial acts that are absolutely protected from suit for damages under § 1983, those damage claims will be dismissed under 28 U.S.C. § 1915A(b)(2).

Plaintiff's damage claims against the probation officers also are barred. An action under § 1983 seeking "damages for allegedly unconstitutional . . . imprisonment" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Thus:

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would

5

> necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005); see Hill v. McDonough, 126 S.Ct. 2096, 2101 (2006) ("Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus").

Neither Plaintiff's request for release nor his claim for damages for wrongful incarceration is cognizable under 42 U.S.C. § 1983.  Because his federal claims are not cognizable under § 1983, the Court will dismiss Plaintiff's federal claims.

B.  Claims Arising Under State Law

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisc. Dep't of Corrs. v. Schacht, 524 U.S. 381, 387 (1998) (cite and quotes omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all federal claims.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Del. County, Pa., 983 F.2d 1277, 1284-85 (3d Cir. 1993).  In exercising this discretion, "the district court should take into account generally accepted principles of judicial economy,

6

convenience, and fairness to the litigants." Id. at 1284 (cite and quotes omitted).

The Court is dismissing every claim over which there was original subject matter jurisdiction, and thus declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

**IV.  CONCLUSION**

The Court grants in forma pauperis status, dismisses the federal claims, and declines to exercise supplemental jurisdiction over claims arising under state law.


            s/ Mary L. Cooper
            **MARY L. COOPER**
            United States District Judge